[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 11, 1991 at Port St. Lucie, Florida. The parties have continually resided in the State of Connecticut since that time. There are three minor children born to the parties: Ronald Seth Barnes, born December 14, 1987, Cassandra Murray, born July 15, 1991 and Jessie Lee Murray, born April 8, 1993.
The evidence presented at trial has clearly established the CT Page 143-L allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-56, § 46b-81, § 46b-82, § 36b-84 and § 46b-62 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for three years, although they lived together for several years prior to their marriage.
The three years of the marriage and the years the parties lived together prior to the marriage were tumultuous ones marked by excessive alcohol, drugs and physical abuse and violent arguments.
The plaintiff is 31 years of age and in good health. She is presently receiving Aid from the State of Connecticut for herself and three minor children. She has limited work skills and no vocational skills. Her main employment outside the home has been as a waitress and as a store clerk. She is not employed at the present time. CT Page 143-M
The defendant is 29 years of age. He is a recovering alcoholic who appears to be on the road to sobriety. The defendant has been at Dutcher Hall and Guenster House for treatment in the past.
As a result of an accident, the defendant has a 20% disability of his back. This may affect his future employment as a carpet installer. The defendant's present net income is $350.15 per week.
The only asset of this marriage is the defendant's physical injury suit which is awaiting a trial. The defendant's injury occurred in April 1991 shortly after the parties were married. The defendant was bed ridden for several months after his surgery. The plaintiff worked several double shifts as a Waitress during this time, to supplement the parties income. The defendant's mother also financially assisted the parties.
The plaintiff also had a personal injury case that she settled for approximately $20,000 in September 1993. From her net settlement proceeds, the plaintiff paid joint utility bills, $3400 for past due rent and gave the defendant $2000 for a van truck. CT Page 143-N
No useful purpose would be served by reviewing the evidence and testimony presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties and even today are unable to be civil and cooperative with respect to the visitation of the three minor children.
Although both parties are responsible for and contributed to the breakdown of the marital relationship, the evidence presented indicates the greater fault for the cause of the breakdown must be attributed to the defendant.
The following orders shall enter:
Custody Visitation
1. Custody of the three minor children is awarded to the plaintiff with reasonable rights of visitation to the defendant to include but not be limited to Sundays from 12 noon to 5 p. m.
2. Pick up and delivery of the minor children for visitation CT Page 143-O shall take place inside the Trumbull Police Department. This arrangement shall commence January 15, 1995.
3. Each party is entitled to bring one other person to the pick up and delivery location.
4. The defendant shall not consume alcohol not use illegal substances within a 12 hour period prior to visitation nor during the visitation with the minor children.
The defendant shall have access to all medical, educational and other records concerning the children pursuant to § 46b-56(e) Connecticut General Statutes.
6. The plaintiff shall inform the defendant of all major decisions concerning the health, education, and welfare of the minor children.
7. The plaintiff shall not permanently remove the minor children from the State of Connecticut without giving the defendant a 60 days notice. CT Page 143-P
8. The plaintiff shall continue to pursue counselling for the minor children as she deems necessary or as deemed necessary by an appropriate professional.
9. Both parents shall complete the parenting education classes within 60 days of the date of this Judgment. The Court will waive the fee for both parties.
10. Both parents shall make every effort to avoid physical or verbal confrontations in the presence of the minor children. This extends to the relatives of both parties.
11. The plaintiff, as the sole custodial parent, shall make every effort to improve the parent-child relationship between the defendant and the minor children.
12. The defendant shall be entitled to some reasonable visitation on the major holidays of Thanksgiving and Christmas.
Medical Coverage
CT Page 143-Q
In the event in the future the defendant has medical coverage through his employment, the minor children shall be carried on the defendant's medical insurance through employment. The plaintiff is presently receiving state assistance which includes medical coverage. The defendant has no medical coverage at this time.
Child Support
The defendant shall pay the sum of $140.00 per week for the support of the minor children. Said sum shall be paid to the State of Connecticut as their interest shall appear.
Arrears
The State of Connecticut claims an arrearage of $550.00 as of January 11, 1995. This court so finds an arrearage of $550, subject, however to an audit, credits and adjustments not recorded. The defendant claims no arrearage at this time.
Alimony
CT Page 143-R
1. The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for a period of 6 years or until the plaintiff remarries, cohabitates or dies, or the defendant dies, whichever event shall first occur. Said terms shall be non-modifiable.
2. Thereafter, the defendant shall pay to the plaintiff the sum of $1.00 per year as alimony for the benefit or the State of Connecticut only and said alimony shall terminate upon the remarriage, cohabitation or death of the plaintiff, death of the defendant or the youngest child reaches the age of 18 years, completes the 12th grade or reaches the age of 19 years, whichever event shall first occur.
Property Settlement
By way of a property settlement the plaintiff is awarded 25% of the net proceeds of the defendant's personal injury case by settlement or award after the payment of the attorney's fees, costs of suit and medical expenses. Said case is Docket # CV93 42863Randy Murray v. Hollis Tedford.
CT Page 143-S
Debts
1. The defendant shall be responsible for the debts as listed on his financial affidavit and shall hold the plaintiff harmless therefrom.
2. The defendant shall hold the plaintiff harmless from any and all sums due the IRS for the tax years 1991, 1992, 1993 and 1994.
3. The plaintiff shall be responsible for the debts as listed on her financial affidavit.
Tax Exemption
The defendant shall be entitled to claim the minor children as exemptions for Income Tax purposes, provided he is current with the child support as of December 31st.
Change of Name
CT Page 143-T
The plaintiff is granted a change of name to her maiden name of Barnes.
Attorney's Fees
1. Both attorneys have put considerable effort and time into this matter. Several Court appearances and hearings were required. Neither party has the financial means for attorney's fees — the plaintiff is on State Aid and the defendant nets $350. per week. The defendant is left with the bulk of the family's bills as well as reimbursing his mother for her financial assistance to the parties during their marriage. The only asset that may generate any funds, is the defendant's personal injury case.
The court will award the plaintiff attorney's fees in the amount of $350.00 to be paid to counsel for the plaintiff from the defendant's settlement proceeds.
COPPETO, J. CT Page 143-U